# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JAY D. KRASNE, DDS,**

    **Plaintiff,**

**v.**                                                           Case No. 8:09-cv-1061-T-30MAP

**PROVIDENT LIFE AND ACCIDENT**
**INSURANCE COMPANY,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant Provident Life and Accident Insurance Company's Motion to Dismiss the Amended Complaint (Dkt. 18) and Plaintiff Jay D. Krasne, DDS's response in opposition to the motion (Dkt. 21). The Court, having considered the motion and response, and being otherwise advised in the premises, finds that the motion should be granted.

### **Background**

Plaintiff Jay D. Krasne, DDS has a disability insurance policy, which was issued by Defendant Provident Life and Accident Insurance Company ("Provident"). The policy entitles Plaintiff to receive monthly benefits in the event of a disability. The period of time that the insured may receive benefits depends on whether the disability is the result of sickness or injury and the age of the insured at the time of the onset of the disability.

The insured may also be entitled to receive benefits under the presumptive total disability provision in the policy. To qualify for presumptive total disability, the injuries or sickness must result in the "entire and permanent loss of...the use of both hands, both feet, or one hand and one foot." If presumptive total disability occurs before the insured reaches age 65, the monthly payments continue until the insured's death.

At age 62, Plaintiff made a claim for total disability benefits under the injury and presumptive total disability provisions of the policy. Provident began providing total disability benefits. Provident then reviewed Plaintiff's condition and concluded that Plaintiff qualified for benefits under the sickness provision only. In a letter, Provident stated that it would continue to pay the maximum monthly payments under the sickness provision for up to 42 months, as long as Plaintiff met the definition in the policy.

**Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

## Discussion

I. Counts I and II – Anticipatory Repudiation

Plaintiff claims that Provident repudiated the injury and presumptive total disability provisions of the insurance contract when it sent the letter denying benefits under those provisions. Under Florida law, "the right of action based upon an insurer's failure to pay periodic indemnity or benefits is limited to the installments which have accrued at the institution of the action." Aetna Life Ins. Co. v. Smith, 345 So. 2d 784, 787 (Fla. Dist. Ct. App. 4th Dist. 1977). An exception to this rule is where the insurer repudiates the *entire* contract. Field v. Nat'l Life Ins. Co., 2001 WL 77101 at *3 (M.D. Fla. January 22, 2001). However, if the insurer merely refuses payments on the belief that the insured does not meet the definitions under the policy, even if that belief is erroneous, the insurer cannot be found to have repudiated the entire contract. Id.

Here, Plaintiff admits in the amended complaint that Provident has paid and is currently paying benefits under the sickness provision of the policy. It is clear that Provident

has not repudiated the entire contract. Therefore, there can be no claim of repudiation in this case.

II.     Counts III and IV – Declaratory Judgment

In Count III of the Amended Complaint, Plaintiff seeks declaratory judgment that he is entitled to benefits under the injury provision of the insurance policy. Similarly, in Count IV, Plaintiff seeks declaratory judgment that he is entitled to benefits under the presumptive total disability provision of the policy.

When the terms of the insurance policy are not in dispute, Florida law does not provide for declaratory judgment to determine whether an insured is entitled to benefits under the policy. Field, 2001 WL 77101 at *5 (citing Hartford Life Ins. Co. v. Albert, 191 So. 2d 579 (Fla. 3d DCA 1966); Travelers Ins. Co. v. Emery, 579 So. 2d 798 (Fla. 1st DCA 1991); Columbia Cas. Co. v. Zimmerman, 62 So. 2d 338 (Fla. 1952)). In this case, the amended complaint makes no allegations regarding the construction of the terms of the policy. Plaintiff is asking the Court to make a determination of his eligibility for benefits based upon the circumstances of his disability rather than a lack of clarity in the terms of the policy. The Court is prohibited from making that kind of determination.

It is therefore ORDERED AND ADJUDGED that:

1.      Defendant Provident Life and Accident Insurance Company's Motion to Dismiss the Amended Complaint (Dkt. 18) is **GRANTED**.

2.      Plaintiff Jay D. Krasne, D.D.S.'s Amended Complaint (Dkt.13) is **DISMISSED** without prejudice.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record